**Affirmed and Memorandum Opinion filed October 11, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-21-00400-CV

## SELENA MCDADE, Appellant

## V.

## FOUNTAINS AT TIDWELL, LTD.; HETTIG MANAGEMENT CORP; AND INVESTORS MANAGEMENT GROUP, LLC, Appellees

**On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 2017-35361**

## MEMORANDUM OPINION

Appellant Selena McDade filed suit against appellees, Fountains at Tidwell, Ltd., Hettig Management Corp., and Investors Management Group, LLC, alleging that her apartment had dangerous amounts of mold, which was making her sick. Appellees eventually filed a Combined Traditional and No-Evidence Motion for Summary Judgment, which the trial court granted. Concluding that the trial court did not err when it granted appellees' summary judgment motion, we affirm.

BACKGROUND

McDade signed a lease agreement with appellees for an apartment in the Fountains at Tidwell complex. According to McDade, she began experiencing respiratory problems soon after moving into her apartment. McDade reported her health issues to appellees. Believing appellees had failed to address her issues, McDade filed suit alleging appellees were negligent because they rented her a mold-infested apartment. Appellees soon filed a traditional motion for summary judgment. While McDade filed a response to appellees' motion for summary judgment, she subsequently non-suited her claims before the trial court ruled on appellees' motion. The trial court later reinstated McDade's lawsuit. The trial court also issued a new docket control order which set the discovery and dispositive motion deadline as October 21, 2019. The case was set for trial on November 25, 2019, but the case was not reached during that trial setting.

On January 24, 2020, McDade served supplemental discovery responses. McDade included a copy of her mold expert's report in this supplemental discovery response. The report was prepared by Thomas Dydek, Ph.D., D.A.S.T., P.E., of Dydek Toxicology Consulting. Dydek explained that he is a board-certified toxicologist and licensed professional engineer "specializing in the areas of environmental toxicology and environmental engineering." Dydek's report conclusion provided:

> The following is based on my education, training, and experience in the field of toxicology and my review of the documents referenced above. My conclusion next stated is made with a reasonable degree of scientific certainty:
>
> It is my opinion that Ms. McDade's eosinophilic pneumonia and the health problems that followed were not caused by mold exposure in the Fountains at Tidwell Apartments.
>
> This conclusion is based on the following facts:

- Mold levels in Ms. McDade's apartment were not excessive and in test were no greater than mold levels outside.

- Medical tests showed Ms. McDade did not have a fungal infection nor did her medical tests indicate she was exposed to *Aspergillus* molds. It is thus unlikely that her eosinophilic pneumonia was caused by any mold exposure.

- Ms. McDade's continuing medical problems are most likely caused by her on-going pneumonia and by the side effects from the steroid medications she has been taking to treat that disease.

Soon thereafter, McDade's attorney withdrew. McDade continued her lawsuit pro se.

At this point in time, appellees filed a motion asking for leave to file a motion for summary judgment. The trial court granted the motion and set a January 15, 2021 deadline for the filing of dispositive motions. Appellees filed their Combined Traditional and No-Evidence Motion for Summary Judgment ("Combined Motion") on January 13, 2021. The trial court conducted an oral hearing on the Combined Motion and subsequently granted the Combined Motion on all of McDade's claims. This appeal followed.

## ANALYSIS

### I.     Standard of review and applicable law

We review the trial court's grant of summary judgment de novo. *See, e.g.*, *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We consider all of the summary judgment evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *See Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 582 (Tex. 2006). When a party moves for summary judgment on both traditional and no-evidence grounds, we ordinarily address the no-evidence grounds first. *See Ford Motor Co.*

3

*v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).  If the trial court grants summary judgment without specifying the grounds, we affirm the judgment if any of the grounds presented are meritorious.  *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam).  And, if an appellant does not challenge every possible ground for summary judgment, we will uphold the summary judgment on the unchallenged ground.  *Durham v. Accardi*, 587 S.W.3d 179, 183 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

In a no-evidence motion for summary judgment, the movant represents that there is no evidence of one or more essential elements of the claims for which the nonmovant bears the burden of proof at trial.  Tex. R. Civ. P. 166a(i).  The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to the elements specified in the motion.  *Tamez*, 206 S.W.3d at 582.  Evidence raises a genuine issue of material fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence.  *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam).  A no-evidence summary judgment will be sustained when: (a) there is a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence establishes conclusively the opposite of a vital fact.  *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (citing *Merrell Dow Pharms. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).  To prevail on a traditional motion for summary judgment, a movant must prove entitlement to judgment as a matter of law on the issues pled and set out in the motion for summary judgment.  Tex. R. Civ. P. 166a(c); *Masterson v. Diocese of Nw. Texas*, 422 S.W.3d 594, 607 (Tex. 2013).

## II.   Appellees' Combined Motion was not premature.

McDade argues in her first issue on appeal that appellees' Combined Motion was premature because, in her view, it was filed before the end of the discovery period found in a docket control order issued by the trial court. She further argues that the Combined Motion was premature, unlawful, and unfair, because "discovery stops when a motion for summary judgment is filed," so she "was unable to depose [her] two treating doctors." We disagree with both contentions.

Discovery does not stop when a party files a motion for summary judgment. Indeed, the summary judgment rule provides a mechanism to delay the hearing on a summary judgment motion when a party needs additional time for discovery. *See* Tex. R. Civ. P. 166a(g), *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996) ("When a party contends that it has not had adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance."); *Muller v. Stewart Title Guaranty Co.,* 525 S.W.3d 859, 867, n.7 (Tex. App.— Houston [14th Dist.] 2017, no pet.) (stating in a summary judgment case, that showing a motion for continuance was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling). McDade did not file an affidavit or verified motion for continuance, thus she failed to preserve any argument she might have had that she needed time for additional discovery.

Appellees' Combined Motion was also not premature because it was supposedly filed before the end of the trial court's discovery deadline. The timing for a defendant to file a traditional summary judgment motion is not tied to a discovery period. Instead, the Rules of Civil Procedure, unless modified by the trial court, allow a defendant to seek a traditional summary judgment at any time.

*See* Tex. R. Civ. P. 166a(b); *Lindley v. Johnson*, 936 S.W.2d 53, 55 (Tex. App.—Tyler 1996, writ denied) (op. on reh'g) ("[A] trial court is empowered to establish pretrial schedules to govern the course of litigation."). A defendant must wait until after "an adequate time for discovery" has passed before filing a no-evidence motion. Tex. R. Civ. P. 166a(i). In the present appeal, the case had been pending for years, the trial court's discovery and dispositive motions deadline had passed, and the case had not been reached during its initial trial setting. At this point, McDade served supplemental responses to discovery, which included the report prepared by her expert witness, Thomas Dydek. Believing the Dydek report contained admissions which defeated McDade's claims, appellees asked the trial court for permission to file their Combined Motion, which the trial court granted. Because the trial court granted appellees permission to file their Combined Motion, we conclude it was not filed prematurely, nor in an unlawful or unfair manner. We overrule McDade's first issue.

### III. McDade did not preserve her second issue for appellate review.

McDade argues in her second issue that the trial court abused its discretion when it considered her own expert's report when it granted appellees' Combined Motion. In McDade's view, the use of the report was unlawful because it was an unsworn toxicological report. Appellees respond that McDade failed to preserve this issue for appellate review because she failed to object in the trial court and obtain a ruling. The Supreme Court of Texas has addressed this very issue. In *Mansions in the Forest, L.P. v. Montgomery County*, the court determined that an objection asserting that a purported affidavit lacked a jurat and was thus unsworn, was a defect of form and required an objection and a ruling in the trial court to preserve error for appellate review. 365 S.W.3d 314, 317–18 (Tex. 2012). Because McDade did not lodge any objection to the Dydek report in the trial court,

we conclude she did not preserve this argument for appellate review. Tex. R. App. P. 33.1(a).

**III.**  **The trial court did not err when it granted appellees' no-evidence motion for summary judgment because McDade's own summary judgment evidence conclusively established that appellees did not breach a duty owed to McDade.**

McDade asserted a negligence claim against appellees. Specifically, she alleged appellees breached a duty they owed to her by leasing her a "mold infested apartment." The elements of a negligence claim are (1) the existence of a duty, (2) breach of that duty, and (3) damages proximately caused by the breach. *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). Appellees argued in the no-evidence part of their Combined Motion that McDade had no evidence they breached a duty owed to her.

McDade filed a response to appellees' Combined Motion which included several exhibits. Exhibit A was a 2017 email from Joe Ecrette and Amanda Ecrette, licensed mold assessment consultants/technicians. In this email the Ecrettes notified McDade that "the lab results indicate that the air in your home was at overall acceptable levels, however, there were still slightly elevated levels of several species detected." McDade also attached Exhibit B-2, an excerpt from the Dydek report quoted at length above, which notified McDade that the mold levels in her apartment "were not excessive and in one test were no greater than mold levels outside." We conclude that McDade's own summary judgment evidence conclusively proved the opposite of a vital fact, i.e. that appellees breached a duty owed to her by leasing her a mold-infested apartment. *See King Ranch, Inc.*, 118 S.W.3d at 751. We therefore hold that the trial court did not err when it granted appellees' Combined Motion. We overrule McDade's third issue.

## CONCLUSION

Having overruled McDade's issues on appeal, we affirm the trial court's final summary judgment.

/s/    Jerry Zimmerer
        Justice

Panel consists of Justices Jewell, Bourliot, and Zimmerer.